SIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATALIE HILL, ) | |
| ) | Case No. 1:23-cv-3582 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JP MORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, NATALIE HILL, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, JP MORGAN CHASE BANK, N.A., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. NATALIE HILL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in her name with Defendant (hereinafter, "Plaintiff's Chase Account").

7. At all relevant times, Plaintiff's Chase Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's Chase Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. JP MORGAN CHASE BANK, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant is incorporated in the State of Illinois.

10. At all relevant times, Defendant was a bank that held Plaintiff's Chase Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, Tima Market received funds from Plaintiff's Chase Account, which were transferred to Tima Market via an electronic terminal, telephonic instruction or computer or magnetic tape after Tima Market instructed Defendant to transfer funds to Tima Market from Plaintiff's Chase Account.

## IV. ALLEGATIONS

14. On or about March 10, 2023, $4,994.00 was debited from Plaintiff's Chase Account by Tima Market.

15. On or about March 13, 2023, $6,022.44 was debited from Plaintiff's Chase Account by Tima Market.

16. Prior to March 13, 2023, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's Chase Account on March 10 and 13, 2023, by Tima Market.

17. Plaintiff did not provide Tima Market with consent to debit funds from Plaintiff's Chase Account on March 10, 2023, and March 13, 2023.

18. Plaintiff did not provide Defendant with consent for Tima Market to debit funds from Plaintiff's Chase Account on March 10, 2023, and March 13, 2023.

19. Prior to March 13, 2023, Plaintiff was not aware that $10,996.44 was to be debited from Plaintiff's Chase Account by Tima Market, as delineated above.

20. On March 13, 2023, Plaintiff provided Defendant with oral and/or written and/or written notice that she disputed the debit of funds by Tima Market relative to Plaintiff's Chase Account on March 10, 2023 and March 13, 2023.

21. On March 13, 2023, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's Chase Account, such as:

    a. Plaintiff's Chase Account number;

    b. Plaintiff's personal identifying information;

    c. The name under which Plaintiff's Chase Account was registered;

    d. The date of the transaction which Plaintiff disputed relative to Plaintiff's Chase Account;

    e. The amount of the transaction which Plaintiff disputed relative to Plaintiff's Chase Account; and,

    f. The transaction reference number relative to the transaction Plaintiff disputed with respect to Plaintiff's Chase Account.

22. On March 13, 2023, Plaintiff provided Defendant with notice that she believed an error was contained on her account relative to the debits of funds by Tima Market relative to Plaintiff's Chase Account on March 10, 2023 and March 13, 2023.

23. On March 13, 2023, Plaintiff provided Defendant with notice that she believed the debit of funds by Tima Market relative to Plaintiff's Chase Account on March 10, 2023, and March 13, 2023, were unauthorized electronic transfers of funds from Plaintiff's Chase Account to Tima Market.

24. On March 13, 2023, Plaintiff informed Defendant that she did not provide Tima Market with consent to debit funds from Plaintiff's Chase Account on March 10, 2023, and March 13, 2023.

25. On March 13, 2023, Plaintiff provided Defendant with notice of the circumstances as to why Plaintiff believed the debit of funds by Tima Market on March 10, 2023, and March 13, 2023, was carried out in error, such as:

    a. Plaintiff never authorized the debit of funds from Plaintiff's Chase Account;

    b. Plaintiff never provided Tima Market with permission, consent or authority to debit funds from Plaintiff's Chase Account;

    c. She did not engage in any transaction for any purchase in the Tima Market;

    d. Given that Tima Market is a small neighborhood retail food establishment, the spending of over $10,000 in that establishment is far from ordinary and practically impossible; and

    e. Given that Plaintiff has been a customer of Defendant's for nearly fifteen (15) years, Defendant could see that this was entirely inconsistent with any previous account history.

26. On March 14, 2023, Defendant provided Plaintiff a credit for the amount of $5.44 relative to the unauthorized transfer at Tima Market. Defendant refused to refund any additional amount.

27. To date, Defendant has not conducted a sufficient investigation relative to the error complained of by Plaintiff.

28. With the exception of $5.44, Defendant has not issued Plaintiff a credit for the funds debited by Tima Market from Plaintiff's Chase Account and therefore Defendant is in violation of 15 U.S.C. §1693g(a)

29. Presently, Plaintiff remains without the $10,991.00 debited by Tima Market from Plaintiff's Chase Account.

30. Upon information and belief, Defendant is neither legally responsible or obligated to pay the $10,991.00 debited by Tima Market from Plaintiff's Chase Account.

31. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(a).

32. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(c).

33. Defendant failed to conduct any reasonable investigation and failed to come to a reasonable conclusion given the information in its possession at the time of its investigation in violation of 15 U.S.C. §1693f(e)(1) and (2).

34. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, NATALIE HILL, by and through her attorneys respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues so triable.

                                            Respectfully submitted,
                                            **NATALIE HILL**

                              By:    s/ David M. Marco
                                       Attorney for Plaintiff

Dated: June 7, 2023

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
5250 Old Orchard Rd., Suite 300
Skokie, IL 60077
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com